No. 22-35271
_____
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

PROJECT VERITAS; PROJECT VERITAS ACTION FUND,

     Plaintiffs-Appellants,

        v.

MICHAEL SCHMIDT, in his official capacity as Multnomah County District
Attorney; ELLEN ROSENBLUM, in her official capacity as Oregon Attorney
General,

     Defendants-Appellees.
_____

PETITION FOR REHEARING EN BANC
_____

Appeal from the United States District Court
for the District of Oregon
_____

          ELLEN F. ROSENBLUM
          Attorney General
          BENJAMIN GUTMAN
          Solicitor General
          PHILIP THOENNES
          Senior Assistant Attorney General
          1162 Court St. NE
          Salem, Oregon 97301-4096
          Telephone:  (503) 378-4402
          philip.thoennes@doj.state.or.us

          Attorneys for Appellees
_____
_____

# TABLE OF CONTENTS

INTRODUCTION AND RULE 35 STATEMENT ........................................... 1

BACKGROUND .............................................................................. 2

    A.    Oregon's wiretap law prohibits recording conversations unless all parties are notified, with some exceptions. ............................... 2

    B.    The District Court dismissed plaintiffs' First Amendment challenge to the notification requirement....................................... 3

    C.    A divided panel reversed, holding the law facially unconstitutional. ............................................................... 4

ARGUMENT .................................................................................. 5

    A.    The majority's conclusion that Oregon's law is content based is unprecedented, wrong, and will sow confusion. ............................ 5

    B.    The majority's analysis casts doubt on a significant number of state laws that require all-party consent or notice to record a conversation....................................................................... 9

        1.    All-party consent laws leave open ample alternative channels to gather information........................................... 10

        2.    The government has a significant interest in protecting the privacy of communication. ......................................... 13

CONCLUSION ............................................................................... 15

# TABLE OF AUTHORITIES

## Cases Cited

*Anderson v. City of Hermosa Beach*,
    621 F.3d 1051 (9th Cir. 2010) ................................................. 11

*Animal Legal Defense Fund v. Wasden*,
    878 F.3d 1184 (9th Cir. 2018) .................................................. 5, 6, 7, 9

*Bartnicki v. Vopper*,
    532 U.S. 514 (2001)................................................................ 5, 11

*Berger v. City of Seattle*,
    569 F.3d 1029 (2009) ............................................................... 14

*Cohen v. California*,
    403 U.S. 15 (1971).................................................................... 14

*Dietemann v. Time, Inc.*,
    449 F.2d 249 (9th Cir. 1971) ................................................... 12

*Hill v. Colorado*,
    530 U.S. 703 (2000).................................................................. 14

*Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Boston*,
    515 U.S. 557 (1995).................................................................. 11

*Madsen v. Women's Health Ctr.*,
    512 U.S. 753 (1994).................................................................. 14

*Project Veritas Action Fund v. Rollins*,
    982 F.3d 813 (1st Cir. 2020)...................................................... 8

*Reed v. Town of Gilbert*,
    576 U.S. 155 (2015).................................................................... 6

*Santa Monica Nativity Scenes Comm. v. City of Santa Monica*,
    784 F.3d 1286 (9th Cir. 2015) ................................................. 12

*Ward v. Rock Against Racism*,
    491 U.S. 781 (1989).................................................................... 9

*Zemel v. Rusk*,
    381 U.S. 1 (1965)...................................................................... 12

## Constitutional and Statutory Provisions

U.S. Const., Amend. I ............................................. 1, 2, 3, 4, 8, 10, 11

Alaska Stat. Ann. §§ 42.20.390(9), 42.20.310(a)(1) ........................................ 10

Cal. Penal Code § 632...................................................................... 10

Del. Code Ann. tit. 11, §§ 2401(13), 2402(a)(1), (c)(4) ................................... 10

Fla. Stat. §§ 934.02(2), 934.03(1)(a), (2)(d) ...................................... 10

720 Ill. Comp. Stat. Ann. §§ 5/14-2(a)(1), (2), 5/14-1 ...................................... 10

Md. Code Ann., Cts. & Jud. Proc. §§ 10-401(13), 10-402 ................................ 10

Mass. Gen. Laws Ann. ch. 272, § 99 ..................................................... 10

Mich. Comp. Laws §§ 750.539a, 750.539c, 750.539d(1) ................................ 10

Mt. Code Ann. § 45-8-213(1)(c) ......................................................... 10

N.H. Rev. Stat. Ann. § 570-A:2 .......................................................... 10

Or. Rev. Stat. § 165.540 ............................................................ 3, 5, 10, 11, 12

Or. Rev. Stat. § 165.540(1)(a) ............................................................ 2

Or. Rev. Stat. § 165.540(1)(c) ........................................................ 2, 7, 10

Or. Rev. Stat. § 165.540(5)(a) ........................................................... 2, 7

Or. Rev. Stat. § 165.540(5)(b) ........................................................... 3, 8

Or. Rev. Stat. § 165.540(8) .............................................................. 2

18 Pa. Cons. Stat. § 5703 ............................................................... 10

Wa. Rev. Code § 9.73.030(1)(b) ......................................................... 10

## PETITION FOR REHEARING EN BANC
_____

## INTRODUCTION AND RULE 35 STATEMENT

At issue in this case is a state statute that allows a person to record a conversation only when all the parties to the conversation are notified of the recording. A divided panel of this Court struck down that law and held that the notification requirement violates the First Amendment. This Court should take the case en banc and reconsider that decision.

En banc reconsideration is warranted because the majority's analysis misconstrues this Court's case law and will have far-reaching implications regarding a question of exceptional importance. In striking down the state statute, the majority concluded that the law was not content neutral because of certain exceptions to the notice requirement. Yet the majority's conclusion in that regard is not supported by any prior precedent and will create confusion regarding the proper test for content neutrality.

And the panel decision not only strikes down the Oregon law at issue in this case, it also calls into question the constitutionality of laws in many other states that similarly require all-party consent or notification to record a conversation. Almost half of the states in this circuit have such all-party consent or notice laws. Those laws protect important privacy interests, particularly in an era when much of the population carries a smartphone that can surreptitiously record and broadcast

conversations in real time. This Court should take the case en banc to clarify that such notice requirements are a reasonable time, place, and manner restriction and do not violate the First Amendment.

## BACKGROUND

**A.     Oregon's wiretap law prohibits recording conversations unless all parties are notified, with some exceptions.**

Oregon law provides that a person may not "obtain or attempt to obtain the whole or any part of a conversation by means of any device, contrivance, machine or apparatus, whether electrical, mechanical, manual or otherwise, if not all participants in the conversation are specifically informed that their conversation is being obtained." Or. Rev. Stat. § 165.540(1)(c).[1]  Violation of that provision is a misdemeanor. Or. Rev. Stat. § 165.540(8).

The prohibition on the secret recording of conversations in Subsection (1)(c) is subject to several exceptions, two of which are pertinent here. The prohibition does not apply to "[a] person who records a conversation during a felony that endangers human life[.]" Or. Rev. Stat. § 165.540(5)(a).  Nor does the prohibition apply to "[a] person who records a conversation in which a law enforcement officer is a participant" when the officer is performing official duties, the recording

---

[1]     The law sets forth a different rule for recording a telecommunication or radio communication in which the person is a participant, allowing such recording if at least one participant to the conversation consents to the recording. Or. Rev. Stat. § 165.540(1)(a).  That provision is not at issue in this appeal.

is made openly, the conversation is audible to the person by normal unaided hearing, and the person is in a place they lawfully may be.  Or. Rev. Stat. § 165.540(5)(b).

**B.    The District Court dismissed plaintiffs' First Amendment challenge to the notification requirement.**

Plaintiffs sued the Multnomah County District Attorney and the Oregon Attorney General, in their official capacities, seeking an injunction against enforcement of the law and a declaration that the law violated their First Amendment rights.  Plaintiffs are media organizations that engage "almost exclusively in undercover investigative journalism." (ER-89).  Plaintiffs alleged that, but for the prohibition on secretly recording conversations, they would use "surreptitious recording" to investigate a variety of issues, including political violence in Portland between the police, Antifa, and "other fringe groups." (ER-95).  Plaintiffs argued that the law was a content-based restriction on speech because it favored certain speech (conversations in which a law enforcement officer is a participant) over other speech (a conversation with, say, an elected city councilor), failed strict scrutiny, and was overbroad.  (ER-99–102).

The district court (Mosman, J.) granted defendants' motion to dismiss the complaint.  (ER-4–25).  The court determined that the law was a content-neutral regulation and thus applied intermediate scrutiny.  It then concluded that Or. Rev. Stat. § 165.540 satisfies intermediate scrutiny because the law does not burden

4

substantially more speech than is necessary to serve the government's significant interest in "safeguarding individual privacy." (ER-19–24).

## C.    A divided panel reversed, holding the law facially unconstitutional.

The majority (Ikuta, J., and Bea, S. J.) held that Oregon's notification requirement was facially unconstitutional. The majority first determined that the creation of audio or video recordings is entitled to protection under the First Amendment. (Slip op. at 15). The majority then held that the notification requirement was a content-based restriction on that protected activity. (Slip op. at 19). The majority reasoned that the felony exception and the law enforcement exception meant that unannounced recordings of some conversations were permitted, while others were not. To the majority, that distinction was an "obvious" example of a content-based regulation on speech. (Slip op. at 20). Finally, the majority concluded that the law failed strict scrutiny. (Slip op. at 23-31). The majority explained that the government did not have a compelling interest in protecting conversational privacy, particularly when that interest involves the regulation of a protected activity in places open to the public. (Slip op. at 26).

The majority concluded in the alternative that, assuming the law was content neutral, it would fail intermediate scrutiny because it did not leave open sufficient alternative channels to create surreptitious recordings. (Slip op. at 34). In reaching

5

that conclusion, the majority framed the "protected speech" as the ability to

surreptitiously record conversations, rather than the ability to engage in journalism.

(Slip op. at 38).

The dissent (Christen, J.) would have held that the felony exception and law

enforcement exception were severable if they made the entire law content based.

(Slip op. at 53-54).  The dissent also would have held that the remaining content-

neutral prohibition on the secret recording of conversations represented a

constitutionally permissible time, place, and manner restriction on speech—one

that left open ample alternative channels to engage in protected speech.  (Slip op.

at 54-63).  The dissent faulted the majority for misperceiving the state's interest in

protecting the privacy of communications among its citizens—an interest that the

Supreme Court has recognized as significant.  (Slip op. at 54 (citing *Bartnicki v.*

*Vopper*, 532 U.S. 514 (2001)).

## ARGUMENT

### A. The majority's conclusion that Oregon's law is content based is unprecedented, wrong, and will sow confusion.

The majority concluded that Or. Rev. Stat. § 165.540 is a content-based

regulation of speech by drawing on this Court's decision in *Animal Legal Defense*

*Fund v. Wasden*, 878 F.3d 1184 (9th Cir. 2018).  But the majority's decision

stretched the logic of *Wasden* well beyond what it can support.  If left to stand, the

majority's analysis will sow considerable confusion regarding the test for determining whether a law is content based or content neutral.

In *Wasden*, this Court examined an Idaho law that made it a crime to enter an agricultural facility closed to the public and, without the owner's consent, make audio or video recordings therein. *Wasden*, 878 F.3d at 1203. This Court determined that the law regulated speech based on content because it prohibited the recording of a specific, defined topic—that is, "the conduct of an agricultural production facility's operations." *Id.* at 1204 (quotation marks omitted). Prohibiting or regulating speech about a defined topic "is an 'obvious' example of a content-based regulation of speech because it 'defin[es] regulated speech by particular subject matter.'" *Id.* (quoting *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015)) (brackets in *Wasden*). Put simply, Idaho tried to prohibit the creation of audio or visual recordings *about* the operations of an agricultural production facility. That subject-matter hook meant that the law regulated speech based on its content.

Drawing on that analysis, the majority concluded that Oregon's prohibition on the secret recording of conversations, considering the two exceptions noted above, qualified as a content-based regulation of speech like the law in *Wasden*. (Slip op. at 18-20). That analysis extends well beyond the logic of *Wasden*.

Unlike the law at issue in *Wasden*, the law at issue here does not explicitly target the content of a recording. Oregon's prohibition on unannounced recordings allows for certain limited exceptions, but the exceptions turn on the circumstances in which the recording is made and not on the content of what is recorded. The first, the felony exception, provides that the default prohibition in Subsection (1)(c) does not apply to "[a] person who records a conversation during a felony that endangers human life[.]" Or. Rev. Stat. § 165.540(5)(a). That exception draws no distinction between the subject matter or content contained in any recording. Indeed, the exception applies to *any* conversation that may happen to occur during a felony that endangers human life. But the majority erroneously equated the temporal trigger in Oregon law (*during* a felony) with the content trigger in Idaho law (*conduct of* an agricultural production facility) and then concluded that the exception rises and falls based on the content of the recording. That analysis finds no support in *Wasden* and, more troubling for future cases, expands *Wasden*'s content analysis beyond its own logic.

The majority made the same mistake with the law enforcement exception. The law provides that the default prohibition in Subsection (1)(c) does not apply to "[a] person who records a conversation in which a law enforcement officer is a participant" when the officer is performing official duties, the recording is made openly, the conversation is audible to the person by normal unaided hearing, and

the person is in a place they lawfully may be.  Or. Rev. Stat. § 165.540(5)(b).

Again, whether that exception applies does not depend on the content or subject

matter of any conversation.  It only depends on the identity of at least one of the

participants.

The majority's conclusion that the law enforcement exception renders

Oregon's law unconstitutional is particularly startling because other courts have

concluded that such an exception is *constitutionally required*.  The First Circuit,

for example, has recognized a constitutional right to record law enforcement

officers discharging their official duties.  *See Project Veritas Action Fund v.

Rollins*, 982 F.3d 813, 836-37 (1st Cir. 2020) (holding that Massachusetts law

violated First Amendment insofar as it prohibited the secret recording of police

officers discharging their public duties).  Based on those cases, the dissent in this

case similarly concluded—and the majority did not dispute—that Oregon's law

enforcement exception is constitutionally required.  (Slip op. at 68 n. 13 (citing

cases)).  Yet the majority nevertheless concluded that the law enforcement

exception renders all recording restrictions content-based regulations of speech

subject to strict scrutiny.  In other words, the majority concluded that Oregon's

inclusion of a constitutionally *required* exception was ultimately what made its

notice requirement *unconstitutional*.  That paradoxical conclusion puts states that

are attempting to put limits on secret recordings in an untenable position, and it calls for reexamination by the en banc Court.

In sum, by extending *Wasden*'s content analysis beyond its logic, the majority concluded that any time, place, or manner restriction on speech will be treated as content based if it can be recharacterized as involving particular kinds of speech. That analysis has far-reaching consequences. Under the majority's analysis, for example, the law at issue in *Ward v. Rock Against Racism*, 491 U.S. 781 (1989)—a noise regulation that required the use of municipal sound systems and sound technicians at a concert venue in a public park—could be viewed as content based because the law would only impact speech occurring at that venue, such as concerts, rallies, or speeches, but not other types of speech. But the law at issue in *Ward* was content neutral because it applied evenly to all speech occurring at the venue, regardless of subject matter or topic. *Ward*, 491 U.S. at 791-96. The crucial inquiry—one that the majority failed to consider— "is whether the government has adopted a regulation of speech because of disagreement with the message it conveys." *Id.* at 791. Oregon has done no such thing.

**B.  The majority's analysis casts doubt on a significant number of state laws that require all-party consent or notice to record a conversation.**

This case also warrants reconsideration en banc because it has implications far beyond this particular dispute. Thirteen states—five of which are in this circuit—have enacted laws that prohibit the recording of a conversation unless all

parties to the conversation consent to the recording or are notified of the recording.[2]  The majority's analysis in this case suggests that none of those laws is constitutionally permissible.[3]

**1.      All-party consent laws leave open ample alternative channels to gather information.**

The majority reasoned that Or. Rev. Stat. § 165.540 would fail intermediate scrutiny because the law fails to leave open ample alternative channels for communication.  (Slip op. at 34).  In reaching that conclusion, the majority framed the question as whether Oregon's law leaves open ample channels for *making secret recordings*.  But characterizing the issue in that way presupposes that the First Amendment guarantees the right not only to make recordings, but to do so in

---

[2]      The majority tallied the state laws differently than Oregon because it distinguished recording in public and private places.  (Slip op. at 74-78, app. A).  By Oregon's count, thirteen states prohibit recording a conversation without the consent of all parties or notice to all parties in at least some circumstances.  *See* Alaska Stat. Ann. §§ 42.20.390(9), 42.20.310(a)(1); Cal. Penal Code § 632; Del. Code Ann. tit. 11, §§ 2401(13), 2402(a)(1), (c)(4); Fla. Stat. §§ 934.02(2), 934.03(1)(a), (2)(d); 720 Ill. Comp. Stat. Ann. §§ 5/14-2(a)(1), (2), 5/14-1; Md. Code Ann., Cts. & Jud. Proc. §§ 10-401(13), 10-402; Mass. Gen. Laws Ann. ch. 272, § 99; Mich. Comp. Laws §§ 750.539a, 750.539c, 750.539d(1); Mt. Code Ann. § 45-8-213(1)(c); N.H. Rev. Stat. Ann. § 570-A:2; Or. Rev. Stat. § 165.540(1)(c); 18 Pa. Cons. Stat. § 5703; Wa. Rev. Code § 9.73.030(1)(b).

[3]      Most of the remaining states permit recording of in-person conversations when at least one participant to the conversation consents to the recording.  A small group of states have not enacted any laws that regulate the recording of in-person conversations.

secret.  That is a remarkable and novel proposition, and one that would seem to render any all-party consent law unconstitutional.

The majority's assumption that the First Amendment guarantees the right to make recordings secretly ignores that creating a secret recording runs headlong into someone else's protected activity—the right to determine for oneself how and in what circumstances one will speak or refrain from speaking.  *See Bartnicki*, 532 U.S. at 533 (explaining that "the fear of public disclosure might well have a chilling effect on private speech").  *See also Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Boston*, 515 U.S. 557, 574 (1995) (recognizing constitutionally significant "principle of autonomy to control one's own speech").  The majority's decision to elevate the former over the government's interest in protecting the latter is erroneous.  No constitutional right is so absolute that it trumps any countervailing interest that might restrict its exercise.  Thus, for example, although the process of creating a tattoo is protected by the First Amendment, *Anderson v. City of Hermosa Beach*, 621 F.3d 1051 (9th Cir. 2010), the right to create a tattoo does not trump another person's right to bodily autonomy and allow a tattooer to give a tattoo to anyone he wants.  That is not how constitutional rights work.

Or. Rev. Stat. § 165.540 leaves open ample alternative channels for plaintiffs to communicate their message.  Importantly, plaintiffs are not recording conversations for the sake of recording conversations.  Rather, their stated purpose

in engaging in that activity is to gather information for use in reporting stories. The act of secretly recording a conversation is a means to an end, and it is inaccurate to say that the law forecloses an entire medium of expression. (Slip op. at 35). The law instead regulates one means of gathering information—a right that is not unrestrained. *See Zemel v. Rusk*, 381 U.S. 1, 17 (1965) ("The right to speak and publish does not carry with it the unrestrained right to gather information.").

Plaintiffs are free to record any conversation they wish after providing notice, or to secretly record any conversation that falls within an exception. Plaintiffs may also report on any conversation, may gather statements on or off the record, may seek public records through freedom-of-information requests, or may use any one of the myriad tools that journalists use to gather and report information. It may be more convenient to secretly record a conversation, but that does not mean that the government is forever barred from regulating that activity. *See Santa Monica Nativity Scenes Comm. v. City of Santa Monica*, 784 F.3d 1286, 1298-99 (9th Cir. 2015). And, importantly, this Court has long rejected the idea that secret recording is indispensable to the practice of undercover journalism. *See Dietemann v. Time, Inc.*, 449 F.2d 249 (9th Cir. 1971).

In concluding that Or. Rev. Stat. § 165.540 fails to leave open ample alternative channels for communication, the majority broke new ground by recognizing a constitutional right to secretly record a conversation, unconstrained

by any content-neutral regulation. That is an extraordinary proposition that finds no support in the case law. Although the majority suggested that there may be a constitutionally significant distinction between laws that regulate the recording of conversations in public versus laws that regulate the recording of conversations in private (Slip op. at 25-28), the majority's analysis would apply with equal force to either scenario. Under the majority's logic, a law that prohibits secret recording of conversations in private places fails to leave open alternative channels of communication just like a law that prohibits secret recordings of conversations in public places. In either case the speaker cannot create a secret recording. The majority's attempt to limit its holding falls apart under the majority's own logic. Reexamination of that reasoning is necessary.

> **2.      The government has a significant interest in protecting the privacy of communication.**

More generally, the majority's alternative-channels analysis fails to recognize the important privacy interests that all-party notice laws protect. Although the scope and mechanics of all-party notice laws vary, they are all meant to protect privacy of communication—thereby encouraging the free exchange of ideas and information—by shielding private communication from appropriation by other individuals.

The majority treated those interests as insufficient to permit the state to regulate the secret recording of public conversations, but the majority misperceived

the nature of the state's interest. The majority likened a prohibition on secretly recording a conversation to a law "prohibiting protesters' or buskers' speech in public places[.]" (Slip op. at 25). Or, put another way, the majority equated shouting at someone to secretly recording a conversation with that person. But unwanted-speech cases like *Hill v. Colorado*, 530 U.S. 703 (2000), *Madsen v. Women's Health Ctr.*, 512 U.S. 753 (1994), and *Berger v. City of Seattle*, 569 F.3d 1029 (2009), do not speak to the nature of the government's interest in this context. The state's interest is not grounded in protecting vulnerable medical patients from speech made in an "essentially intolerable" manner, *Cohen v. California*, 403 U.S. 15, 21 (1971), or with protecting its residents from annoyance or disruption inside a public forum. Rather, the state is concerned with protecting the privacy of communication among its residents and ensuring that their speech will not be co-opted without their knowledge. The dissent correctly observed that "[t]he secret recording of speech is far more destructive to one's privacy than merely having oral communications heard and repeated. Recorded speech can be stored indefinitely, disseminated widely, and viewed repeatedly." (Slip op. at 56). When a conversation is recorded without notice, the participants to the conversation lose the ability to choose what they say based on their understanding of who is both participating in and ultimately listening to that conversation.

In sum, the majority's decision to equate the government's interest in protecting private communication from surreptitious recording with the government's interest in curbing annoying speech is misguided, and it will have significant implications for all states—including five states in this circuit—that permit the recording of conversations only with all-party notice or consent.

## CONCLUSION

This Court should grant rehearing en banc.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General
BENJAMIN GUTMAN
Solicitor General


/s/  Philip Thoennes
_____
PHILIP THOENNES
Senior Assistant Attorney General
philip.thoennes@doj.state.or.us

Attorneys for Defendants-Appellees
Michael Schmidt, et al

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a)(7), Federal Rules of Appellate Procedure, I certify

that the Petition for Rehearing En Banc is proportionately spaced, has a typeface of

14 points or more, and contains 3,368 words.

DATED:  August 30, 2023

/s/  Philip Thoennes
_____
PHILIP THOENNES
Senior Assistant Attorney General
philip.thoennes@doj.state.or.us

Attorney for Defendants-Appellees
Michael Schmidt, et al

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2023, I directed the Petition for Rehearing En Banc to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/  Philip Thoennes
_____
PHILIP THOENNES
Senior Assistant Attorney General
philip.thoennes@doj.state.or.us

Attorney for Defendants-Appellees
Michael Schmidt, et al

PT4:bmg/ 909570940