

ELLEN F. ROSENBLUM
Attorney General

LISA M. UDLAND
Deputy Attorney General

# DEPARTMENT OF JUSTICE
APPELLATE DIVISION

July 3, 2024

Molly C. Dwyer
Clerk of the Court
United States Court of Appeals
for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

      RE:   *Project Veritas, et al v. Michael Schmidt, et al*, No. 22-35271
            Oral argument held June 25, 2024 (Murgia, C.J., Wardlaw, Christen, Bennett, Collins, Lee, Sung, Sanchez, Desai, Johnstone, De Alba, J.J.)

Ms. Dwyer:

     Under Fed. R. App. P. 28(j), defendants cite *Moody v. Netchoice, LLC* (U.S. July 1, 2024), *available at* https://www.supremecourt.gov/opinions/23pdf/22-277_d18f.pdf. *Moody* reinforces the reasons that plaintiffs' facial First Amendment challenge to Or. Rev. Stat. § 165.540(1)(c) fails.

     *Moody* involved a First Amendment challenge to laws regulating how social-media platforms moderate user content. Slip op. at 3. The Supreme Court vacated the court of appeals' decisions because those courts had not "properly considered the facial nature" of the challenge. *Id.* Facial challenges, which "often rest on speculation about the law's coverage and its future enforcement," are "hard to win." *Id.* at 9 (cleaned up). The Court faulted the lower courts for not "pa[ying] much attention to that issue" and for "treat[ing] these cases more like as-applied claims than facial ones" by confining their analysis to "certain heartland applications" rather than "the full range of activities the laws cover." *Id.* at 9–10. "Even in the First Amendment context, facial challenges are disfavored," and the challenger bears the burden of showing that "the law's unconstitutional applications substantially outweigh its constitutional ones." *Id.* at 9, 30. The challenger's need to carry that burden "is the price of its decision to challenge the laws as a whole." *Id.* at 30.

Clerk of the Court
July 3, 2024
Page 2

      Because plaintiffs' challenge to the Oregon statute is facial, the principles discussed in *Moody* apply here. This Court may not limit its analysis to the specific applications discussed by plaintiffs but rather must consider the full range of activities that the statute covers. That full range includes considerable conduct—eavesdropping, recording conversations without even one-party consent, and secretly recording nongovernmental speech on matters of private concern, among other examples—that there should be little dispute can constitutionally be regulated.

      Sincerely,

      /s/ Benjamin Gutman

      Benjamin Gutman
      Solicitor General
      Benjamin.gutman@doj.oregon.gov

cc:    Benjamin Barr
       Stephen Klein
       Bert P. Krages, II
       Jacob H. Huebert
       Julian R. Ellis, Jr.